UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CARYL DANITA CARBY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00317-SDN |
| | ) | |
| BARACK HUSSEIN OBAMA, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed this civil action and a motion to proceed without prepayment of fees, which motion the Court granted. (Complaint, ECF No. 1; Motion, ECF No. 3; Order, ECF No. 5.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**DISCUSSION**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v.*

*Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff's complaint is difficult to comprehend, and the gravamen of Plaintiff's complaint is difficult to discern. While Plaintiff references illegal searches and invasion of privacy, conclusory allegations are insufficient to state an actionable claim. *Aschroft v. Iqbal*, 556 U.S. 662, 680 – 81 (2009). In short, Plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter. Plaintiff has recently filed multiple complaints, which have been difficult to comprehend and appropriate for dismissal. *See Carby v. United States Government Office of President, et al.*, No. 2:25-cv-00295-SDN; *Carby v. United States Immigration and Naturalization Services Entire Unit, No. 2:25-cv-00296-SDN; Carby v. Government of Nigeria, et al.*, No. 2:25-cv-00309-SDN; *Carby v. Government of Nigeria, et al..*, No. 2:25-cv-00311-SDN; *Carby v. Geico*, *et al.*,

No. 2:25-cv-00312-SDN; *Carby v. Internal Revenue Services, et al.*, No. 2:25-cv-00313-SDN; *Carby v. Donald John Trump,* No. 2:25-cv-00315-SDN; *Carby v. Barack Hussein Obama*, No. 2:25-cv-00316-SDN; *Carby v. George Walker Bush, Jr.*, No. 2:25-cv-00318-SDN.

Given Plaintiff's filing history, I also recommend the Court issue an order placing Plaintiff on notice that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of June, 2025.